IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY PEREZ,                                          Case No.

      Plaintiff

v.                                                                         JURY TRIAL DEMANDED

ALLIED INTERSTATE LLC
a Minnesota Limited Liability Company

      Defendant.
_____/

COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
AND DEMAND FOR JURY TRIAL

INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq* (hereinafter "FCCPA"); these laws prevent debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, 1367, and Fla. Stat. § 559.77(1).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

PARTIES

4. Plaintiff, KIMBERLY PEREZ (hereinafter "Plaintiff"), is an individual who resides in the County of Hillsborough, State of Florida, and is a "consumer" as that term is defined

by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC. (hereinafter "Allied" or "Defendant"), is a for-profit entity organized under the laws of Minnesota, with its principal place of business located at 12755 Hwy 55, Suite 300, Plymouth MN 55411; Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6), and is also an "out-of-state consumer debt collector," as that term is defined by Fla. Stat. § 559.55(8).

FACTUAL ALLEGATIONS

-Numerous & Harassing Phone Calls to Plaintiff's Employer-

6. In or around July to August 2010 representatives of Defendant began placing calls to Plaintiff's place of employment and asking to speak with Plaintiff.

7. At the very onset of these calls, Defendant's representatives were told that Plaintiff was not allowed to receive personal calls while at work, per the company's administrative policies.

8. Despite being advised that employees were not allowed to receive personal calls while at work, Defendant's representatives continued to call and continued to ask to speak with Plaintiff.

9. These calls continued at the rate of approximately three to five calls per day.

10. On one such occasion, a male representative by the name of "Matt" called and asked for Plaintiff.

11. When advised that Plaintiff was not allowed to receive personal calls while at work he asked the receptionist for Plaintiff's social security number and date of birth.

12. The receptionist advised Matt that she would not give out Plaintiff's personal information and that he would have to obtain that information from Plaintiff directly.

13. At hearing this, Matt became very upset with the receptionist and began speaking very rudely to her.

14. At that point the receptionist transferred the call to her administrator who was also then asked by Matt for Plaintiff's social security number and date of birth.

15. The administrator advised that she would not give this information.

16. Matt became very upset with the administrator saying, "You're not going to give me her information? We are trying to garnish her wages."

17. The administrator then advised Matt to no longer place any personal calls which are directed at Plaintiff to Plaintiff's place of employment.

18. Matt became so upset with the administrator that he hung up the phone.

19. Following this phone call with the administrator, Defendant's representatives continued calling.

20. In or around February 2011 a female representative by the name of "Kellie" began calling Plaintiff's place of employment, allegedly at the rate of several calls per day.

21. Further, on one such occasion in February, the male representative, Matt, again called Plaintiff's place of employment in an effort to determine Plaintiff's position with her employer.

-Common Allegations-

22. Defendant Allied was attempting to collect a defaulted student loan obligation originally owed to the United States Department of Education, which was incurred for Plaintiff's personal, family, or household purposes, and is therefore a "debt" or "consumer debt," as those terms are defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

23. It is alleged that Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

24. Defendant's failure to send Plaintiff the written notice required by 15 U.S.C. § 1692g(a) was violative of the FDCPA.

25. All acts or omissions of the employees/agents of Defendant were performed within the scope of their respective employment/agency, thus subjecting Defendant to vicarious liability for these acts under the doctrine of *respondeat superior*.

26. Defendant's attempts to collect this debt caused Plaintiff mental anguish in the forms of stress, worry, loss of sleep, distraction from her job duties, and fear that she may lose her job, and therefore her ability to pay for living expenses.

27. Defendant's various disclosures of information to third-parties, false and otherwise, caused Plaintiff harm to her personal and professional reputation.

CLAIMS FOR RELIEF

First Claim for Relief
Violations of the Federal Fair Debt Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 27.

28. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C.

§§ 1692b, 1692c(a)(1), 1692c(b), 1692d generally, 1692e generally, 1692f generally, and 1692g(a).

29. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

## Second Claim for Relief
### Violations of the Florida Consumer Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 27.

30. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, Fla. Stat. §§ 559.72(4), 559.72(5), and 559.72(7).

31. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendant for the following:

a. Equitable relief in the form of a Declaratory Judgment that Defendant's acts constituted violations of the FDCPA and FCCPA, pursuant to Fla. Stat. § 559.77(2);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

d. Punitive damages, pursuant to Fla. Stat. § 559.77(2);

  e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2); and

  f. Such other and further relief as may be just and proper.

            Respectfully submitted,

            /s/ Joseph B. Battaglia
            G. Donald Golden, Fla. Bar No.: 0137080
            don@brandonlawyer.com
            David S. Bromley, Fla. Bar No.: 0155349
            david@brandonlawyer.com
            Joseph B. Battaglia, Fla. Bar No. 0058199
            joe@brandonlawyer.com
            THE GOLDEN LAW GROUP
            808 Oakfield Drive, Suite A
            Brandon, Florida 33511
            Telephone:  (813) 413-8700
            Facsimile:   (813) 413-8701
            Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

            /s/ Joseph B. Battaglia
            Joseph B. Battaglia, Fla. Bar No. 0058199